[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Benedict N. Frosceno appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court determines that the case must be remanded for further attention by the board.
This court has held in a number of cases that it is essential for the board to be reasonably precise in stating the basis for its conclusion that an individual is "unsuitable" to hold a permit to carry a handgun. Otherwise, the decision on its face will be susceptible to the interpretation that it is unduly subjective, arbitrary, or unreasonable. CT Page 3035
In the present case, the board stated its findings of fact to be (1) that the plaintiff was arrested on a charge of larceny, involving the theft of a computer from a store where he worked; and (2) that the plaintiff subsequently plead guilty to Larceny in the Fourth Degree. There were no other findings set forth in the board's decision.
The board's findings, as set forth in its decision, are not adequate to support its conclusion that the plaintiff is not suitable to have a gun permit. With respect to the crime for which the plaintiff was convicted, Larceny in the Fourth Degree, a violation of General Statutes § 53a-125, it is not among the crimes specifically designated by the legislature as requiring revocation regardless of the circumstances. See §§29-32 and 29-28. "Unless there is evidence to the contrary, statutory itemization indicates that the legislature intended the list to be exclusive." Bridgeport Hospital v. Commission on HumanRights and Opportunities, 232 Conn. 91, 101 (1995). Conviction of Larceny in the Fourth Degree, therefore, does not per se require revocation of the accused's gun permit. Accordingly, in order to justify revocation on the basis of such a conviction, the board must determine that the person's underlying conduct in committing the crime indicates unsuitability.
In order to determine that a person is "unsuitable" to continue to hold a gun permit, the law requires that there be facts sufficient to show generally that he or she lacks "the essential character or temperament necessary to be entrusted with a weapon." Dwyer v. Farrell, 193 Conn. 7, 12 (1984); Rabbitt v.Leonard, 36 Conn. Sup. 108 (1979). More specifically, the facts found by the board should show or provide a logical inference that the person poses some danger to the public if allowed to carry a weapon outside the home or business. Storace v. Mariano,35 Conn. Sup. 28, 33 (1978).
In the present case, however, the board's decision does not reveal what facts it found that would support the conclusion that the plaintiff lacks the essential character or temperament necessary to be entrusted with a weapon; that is, that he would pose a danger to the public if allowed to carry a gun outside his home or business. The board must articulate its findings and its reasoning in that regard.
With respect to the manner by which the plaintiff was CT Page 3036 convicted, the board states only that the plaintiff plead guilty. It fails, however, to consider the undisputed fact that the plea, given under the Alford doctrine, did not include an admission of guilt. At the administrative hearing, the plaintiff and the state offered conflicting evidence as to what he actually did. As noted above, the plaintiff's actual conduct in committing the crime is a crucial issue in the board's consideration of his suitability to hold a permit. It was, therefore, incumbent on the board to make specific findings of fact on that issue.
Because the board did not adequately set forth its findings and conclusions, its decision may not be affirmed. Pursuant to § 4-183 (j)(4), the plaintiff's appeal is sustained; pursuant to § 4-183 (k), the case is remanded to the board and the board is ordered to render a new decision consistent with this decision of the court. The board's new decision may modify or affirm its original decision, but the board must fully state its findings and conclusions.
MALONEY, J.